UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 13–7161 DSF (PLAx) | Date | 11/25/13 |
|---|---|---|---|
| Title | Dolores Rivera v. Wells Fargo Bank National Association, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Motion to Remand (Docket No. 10)

　　Defendant Wells Fargo Bank National Association removed this wrongful termination case on September 27, 2013 based on diversity jurisdiction.  Wells Fargo previously removed this case and the Court remanded it because Well Fargo failed to establish that the amount in controversy exceeded $75,000.  See 2:13-CV-02891-DSF (PLAx), Docket No. 8.  Plaintiff Dolores Rivera has filed a motion for this Court to remand again, arguing that Wells Fargo still cannot establish the amount in controversy, and that there is not complete diversity between the parties.[1]

　　The Court need not reach the amount in controversy issue, as Wells Fargo is a citizen of California and therefore the parties are not completely diverse.  Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  In Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), the Supreme Court held "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."  Id. at 307.  Wells Fargo's main offices are located in South Dakota.

　　Nonetheless, this Court is bound by an earlier Ninth Circuit case, Am. Sur. Co. v.

---

[1] The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for December 2, 2013 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

Bank of California, 133 F.2d 160 (9th Cir. 1943) (American Surety).  In American Surety, the court interpreted a predecessor statute to 28 U.S.C. § 1348, holding that "[s]tates in which they (national banking associations) are respectively located are those states in which their principal places of business are maintained."  Id. at 162.  As the Ninth Circuit has stated, "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled" only "where intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority."  Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003).  Applied here, American Surety and Schmidt are not "clearly irreconcilable."  Although Schmidt held that a national bank is "located" in the state containing its main offices, it did not hold that this was the *exclusive* location.  Indeed, in a footnote, the Supreme Court implied that it did not reach this issue:  "The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide."  Schmidt, 546 U.S. at 317 n.9.  Because the holdings of both Schmidt and American Surety can be reconciled, this Court is bound by both.  Wells Fargo does not contest that it maintains its principal place of business in California.  Therefore, it is a citizen of both South Dakota and California, and the parties are not completely diverse.

The motion to remand is GRANTED.

IT IS SO ORDERED.